SOULE v. SUTTON.

INSANE PERSONS—FORGERY—EVIDENCE OF MENTAL INCOMPETENCY AND FORGERY INSUFFICIENT TO WARRANT RELIEF.

> In a suit by next friend of an alleged mentally incompetent person to establish his ownership of certain shares of stock which had been surrendered to the corporation, a new certificate issued, and sold through a broker to defendant, a good-faith purchaser, evidence *held*, insufficient to establish that the former owner was mentally incompetent at the time he parted with possession of the certificate, or that his signature thereto was forged, and, therefore, under the record, relief is not warranted.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted April 26, 1928. (Docket No. 67, Calendar No. 33,523.) Decided October 24, 1928.

. Bill by Alexander Soule, by next friend, against Edwin B. Sutton, Franklin E. Bushman, and others to establish his right to shares of corporate stock. From a decree for plaintiff, defendant Bushman appeals. Reversed, and bill dismissed.

*Charles F. Gates,* for plaintiff.

*Wilkinson, Lowther, Wilkinson & O'Connell* (*P. J. M. Hally,* of counsel), for appellant.

WIEST, J. This is an appeal, by Franklin E. Bushman, from a decree depriving him of 120 shares of stock of the Interstate Fire Insurance Company of Detroit, purchased by him of a broker, and issued by the company to H. A. Chapoton. Plaintiff, by next friend, filed the bill herein, claiming that he owned 120 shares of stock of the Interstate Fire Insurance Company, and, while mentally incompetent from senile debility, parted with the certificate covering the shares under circumstances we will later mention, and that such certificate, with forged indorsement, was surrendered to the company by a person without right thereto, and a new certificate issued to H. A. Chapoton. A certificate of stock in another company was involved in the suit, but the parties interested in that issue have not appealed.

In May, 1924, Alexander Soule, then about 90 years of age, and formerly a farmer, but retired from activities, lived with his daughter and son-in-law upon a farm in Sanilac county. On or about May 15, 1924, it is claimed, three men called at the farm, inquired for Alexander Soule, and he went away with them and was gone for three or four hours. What the three men wanted, where they went with Mr. Soule, whether the certificate figured

in the matter, and, if so, under what circumstances, does not appear.

On account of alleged age and feebleness Mr. Soule gave no testimony. Shortly after the visit of the three men it was evidently discovered that the certificate was gone, and we are asked to infer that the three men fraudulently obtained it. Such an inference, if indulged, would rest upon mere conjecture. Did Mr. Soule part with the certificate at that time? If so, under what circumstances? Was it taken from him by force or fraud or turned over under agreement *or upon sale? Other questions suggest themselves, but, until it can be said that the three men obtained the certificate, it serves no purpose to ask questions. Not one of the above questions is answered by this record. But it is claimed Mr. Soule was mentally incompetent and the certificate was turned in to the company with a forged indorsement of his name.

In May, 1924, Mr. Soule was not under guardianship and had transacted his few financial affairs in person. The certificate turned in to the company and purporting to have been indorsed by Mr. Soule was not produced in court, and the evidence of forgery in the indorsement rested upon the testimony of plaintiff's son Samuel, who claims he saw the certificate at the office of the insurance company, and said:

"I saw a name upon the stock that day. I think I would be familiar with my father's handwriting. I have known it for probably 30 years. I do not think the handwriting on the stock was his. I am familiar with his handwriting."

This testimony was weakened by the fact that, when confronted with a paper signed by his father, witnessed by him, filed by him in the probate court,

and under which his father waived any interest in the estate of the mother of the witness, and the witness benefited thereby, he said it did not look like his father's signature. Asked:

"Will you say that your father did not write that signature?" he answered:

"No, sir; I couldn't say for sure but it doesn't look like his writing."

The evidence cannot be held to establish the fact that Alexander Soule, in the month of May, 1924, was mentally incompetent, and, therefore, unable, under any circumstances, to part with the certificate. As said before, we are not informed of the circumstances under which he parted with the certificate, whether forcibly taken from him, stolen, wheedled away; or purchased. We must be informed of the facts and circumstances surrounding the departure of the certificate from the possession of Mr. Soule in order to apply the law. Mr. Soule may have been enfeebled by years, but he had managed his own financial affairs without hindrance. Such affairs were somewhat simple, it is true, but no one apparently thought him mentally incompetent to attend to such matters. He had the common failing of old age in not readily recognizing people and of asking the same innocent question over and over again, such as the day of the week. If he was mentally incompetent, what advantage was taken of him, what was done, who did it, and when was it done? We have no information upon these subjects. We cannot even state the approximate time the certificate left his possession.

The certificate purchased by Mr. Bushman was issued by the company to Mr. Chapoton. Mr. Bushman purchased through a broker and his good faith is not impugned by this record. Instead of pro-

ducing in court the certificate turned in to the company with Mr. Soule's alleged indorsement, the plaintiff sought to impeach the indorsement by the testimony of the son. The testimony of the son is not very persuasive, and the certificate should have been in court in order that there might have been comparison with acknowledged signatures of Mr. Soule, or, at least, an opportunity by way of expert testimony to have established whether it was Mr. Soule's signature or not. The record in this case is very unsatisfactory, and, upon it, we can grant no relief to plaintiff.

The decree in the circuit is reversed and a decree will be entered in this court, dismissing the bill as to defendant Franklin E. Bushman, with costs against the plaintiff to be taxed.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDON-ALD, POTTER, and SHARPE, JJ., concurred.